IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN EPPERSON, | § | |
| | § | |
| Defendant Below- | § | No. 9, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 9408009291 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 16, 2015
Decided: February 12, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### **O R D E R**

This 12th day of February 2015, upon consideration of the appellant's request for leave to file an appeal from the Superior Court's denial of his twenty-first motion for postconviction relief and his response to the Court's rule to show cause why the appeal should not be dismissed, it appears to the Court that:

(1)     The appellant, Kevin Epperson, was convicted by a Superior Court jury in 1996 of Kidnapping in the First Degree and Unlawful Sexual Contact in the First Degree.  He was sentenced as a habitual offender to serve fifty-two years in prison followed by a period of probation.  His convictions and sentence were affirmed on direct appeal.

(2) In 2006, following his appeal from the Superior Court's denial of his eighth postconviction motion, this Court noted that Epperson's repetitive filings were frivolous and constituted an abuse of the judicial process. We, therefore, enjoined Epperson from filing any future claims in this Court without first obtaining leave of the Court and filing a motion to proceed *in forma pauperis* in compliance with 10 *Del. C.* § 8803.

(3) Epperson filed his current request seeking leave to appeal from the Superior Court's denial of his twenty-first Rule 61 motion. Epperson contends that his twenty-first petition, which challenged the legality of the indictment against him, raises a constitutional issue that has never been addressed on the merits before by any court and is not procedurally barred.

(4) Epperson is incorrect. Having reviewed the Superior Court's December 9, 2014 order and Epperson's response to the notice to show cause, we find it manifest that the claim raised in Epperson's twenty-first Rule 61 petition is procedurally barred and frivolous. His repetitive filings constitute an abuse of judicial process. His latest appeal is not approved for filing.

NOW, THEREFORE, IT IS ORDERED that the Epperson's appeal papers are STRICKEN, and this matter is SUMMARILY DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

2